**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER R. GARCIA, individually and on behalf of a class of similarly situated individuals,<br><br>      Plaintiff,<br><br>  v.<br><br>CHRYSLER GROUP LLC, a Delaware Limited Liability Company, and DOE 1 through and including DOE 100,<br><br>      Defendants. | Civil Action No. 12-1797 (JMV)<br><br><br><br>**OPINION** |

**Falk, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to transfer venue to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).  (CM/ECF No. 127.)  The motion is opposed.  (CM/ECF No. 128.)  The motion is decided on the papers.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's motion to transfer is **granted**.

**BACKGROUND**

A.  **Factual Background**

This is a putative class action involving the alleged defective design of, and false advertising related to, model years 2009 and 2010 Dodge vehicles. Defendant Chrysler Group LLC ("Defendant" or "Chrysler Group") is a Delaware limited liability company. (Defendant's Brief in Support of Motion to Dismiss ("Def.'s Br. in Support") at 2.) Chrysler Group is the owner of rights associated with registered trademarks for Dodge, including those related to the design and production of Dodge-branded vehicles. (Id. at 2-3.)[1] In November 2008, Plaintiff, Javier Garcia ("Plaintiff" or "Garcia"), then a California resident, purchased a 2009 Dodge Journey ("Dodge Journey") model from a Chrysler Jeep Dodge dealer in Alhambra, California.[2] (Compl. ¶¶ 5,18.) According to Plaintiff, he made the decision to purchase his vehicle relying on advertising claims of its "purported safety, reliability and convenience." (Compl. ¶18.) "Just months after purchase, and less than normally expected miles," Plaintiff's Dodge Journey allegedly experienced brake failure. (Compl. ¶ 19.) Plaintiff had his vehicle repaired at a Chrysler

---

[1]On June 1, 2009, Chrysler Group purchased certain assets of Old Carco LLC (formerly known as Chrysler LLC) ("Old Carco") pursuant to the terms of a "Sale Order" entered by the United States Bankruptcy Court for the Southern District of New York. In the Sale Order, the Bankruptcy Court found that Chrysler Group would have no liabilities for any claims which existed against Old Carco except for those liabilities which it expressly assumed. (Def.'s Br. in Support at 2-3.)

[2]Plaintiff does not allege when or from whom he purchased his vehicle. Chrysler Group's records show that Plaintiff bought the vehicle on November 7, 2008 (before Chrysler Group LLC even existed) from Alhambra Chrysler Jeep Dodge, an authorized, independent dealer located in Alhambra, California. (Def's Br. in Support at 3, n. 3.)

Plymouth dealership in Henderson, Nevada, spending more than one-hundred dollars on brake-related repairs. (Compl. ¶¶ 16, 19.)

B.     **Commencement of the California Action**

On December 30, 2011, Garcia filed a class action Complaint in the Superior Court of the State of California ("state case") on behalf of himself and all others similarly situated against Chrysler Group claiming, among other things, that a defect exists in the braking system of certain Dodge Journey vehicles and that Defendant's advertising of the vehicles was misleading. Specifically, Garcia alleges that the brake system "suffers from a fundamental design defect" resulting in "premature brake pad wear and rotor damage." (Compl. ¶ 14.) Plaintiff further alleges that "Journey's performance is contrary to Dodge's advertising and affirmative statements proclaiming the [vehicle] safe, reliable and durable." (Id.)

The Complaint defines the class of plaintiffs as "[a]ll (i) current owners or lessees of a 2009 or 2010 Dodge Journey in California; and (ii) former owners or lessees of a 2009 or 2010 Journey in California who paid for a repair related to the braking system" (the "class"). (Compl. ¶ 21.) The four-count Complaint asserts claims for violations of two California state statutes,[3] violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA"), and contains a claim for breach of express warranty under California law.

---

[3]Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. and California's Unfair Competition Law, Business and Professions Code § 17200 et seq.

3

**C.      Removal and Consolidation of the Action**

On February 16, 2012, Chrysler Group removed the state case to the United States District Court, Northern District of California ("Garcia") on two separate grounds: bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b)[4] and diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  (Notice of Removal).  On February 23, 2012, Chrysler Group moved to dismiss the complaint and alternatively to transfer the case to the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").[5]  On February 24, 2012, Chrysler Group timely filed a Notice of Pendency of Related Action ("Notice")[6] which stated that the case of Tatum v. Chrysler Group, LLC, 10-4269 ("Tatum")[7] pending in the District Court of New Jersey contained virtually identical allegations and "involve[d] the same subject matter and the same proposed class."  (CM/ECF No. 15.)  Defendant's Notice provided that if the Northern District of California did not grant Defendant's then pending motion to dismiss or its motion to transfer to the Bankruptcy Court, it intended to move to transfer Garcia to the District of New Jersey for consolidation with Tatum.  After meeting and conferring with Chrysler

---

[4]See note 1, supra.

[5](CM/ECF No. 7 and 10.)  Chrysler Group sought a determination of which claims were covered under the Sale Order governing Chrysler Group's bankruptcy.  See note 1, supra.

[6]Pursuant to Civil Local Rule 3-13(c) for the Northern District of California.

[7]Tatum was a class action pending in the New Jersey District Court containing claims under the New Jersey Consumer Fraud Act and federal law for damages resulting from allegedly defective brakes in Dodge Journey vehicles that Old Carco manufactured and marketed.

Group regarding its anticipated transfer motion, Plaintiff filed a Statement ("Statement")[8] requesting that the California action be transferred to the District of New Jersey. (CM/ECF No. 28.)   On March 14, 2012, the Northern District of California transferred Garcia to this Court prior to ruling on the pending motion to transfer.   Garcia was consolidated for purposes of discovery with Tatum and Belle v. Chrysler Group LLC, 13-2391 (D.N.J.) another similar class action that had been transferred to this District from California.  (CM/ECF No. 51.)

**D.     Dismissal of Tatum and Belle and Amendment of the Garcia Complaint**

Belle was voluntarily dismissed on September 17, 2013.  (CM/ECF No. 120.) Tatum was dismissed with prejudice on Defendant's motion three months later.[9]  This case, being the only one remaining of the consolidated actions, was the subject of protracted and extensive motion practice resulting in the matter again being transferred to the Bankruptcy Court on March 10, 2015.   Following a ruling interpreting the previously entered Sale Order and dismissing certain of Plaintiff's claims, the Bankruptcy Court transferred the matter back to this District on February 8, 2016, "without prejudice to any rights the parties may have to seek a further transfer of the action to another court."

---

[8]Plaintiff acknowledged that Garcia and Tatum involve the same alleged defect in the braking systems and that the proposed California subclass "completely overlaps with a proposed Tatum (California) subclass." (CM/ECF No. 28.)

[9]On December 30, 2013, the Court granted Defendant Chrysler Group LLC's motion to dismiss the complaint with prejudice in Tatum v. Chrysler Group, LLC, 10-4269 (D.N.J.) (CM/ECF No. 177.)  The Court ruled, among other things, that Plaintiffs failed to state a claim under Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. finding that there was no violation of any of the express or implied warranties. (CM/ECF No. 120-2, at 17.)

(CM/ECF No. 106.) On March 3, 2016, Garcia filed his First Amended Complaint asserting three causes of action, two of which were claims under California state law: (1) breach of warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. , (2) breach of express warranty under California law, and (3) violation of Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq.  Chrysler Group filed a motion to dismiss on March 10, 2016 which remains pending.

E.     **Motion to Transfer**

On March 24, 2016, Plaintiff moved to transfer this case to the Northern District of California contending that New Jersey has no connections to this case. (CM/ECF No. 127.) Plaintiff argues that transfer is warranted because the case was originally brought in California, on behalf of California consumers who purchased allegedly defective vehicles in the state, and seeks relief based exclusively on California law. (Plaintiff's Brief in Support ("Pl.'s Br.") at 1.) Acknowledging that he initially agreed to transfer to this District so that the matter could be consolidated with Tatum and Belle for the sake of judicial economy,  Plaintiff contends that because these actions have since been dismissed, it is inappropriate to maintain the matter in New Jersey. (Pl.'s Br. at 1.)

Chrysler Group opposes the transfer arguing that Plaintiff should have moved sooner to transfer this case back to California and that it "continued to litigate this case in a defensive posture by defending against multiple motions filed by [Chrysler Group.]" (Defendant's Opposition Brief ("Def.'s Opp. Br.") at 4.) Disputing Chrysler's allegation of forum shopping by Plaintiff, Plaintiff underscores that "the request and decision to

6

transfer the case to New Jersey was an agreement by both parties, precipitated by Defendant's threat to transfer" and further contends that at the time of Tatum's dismissal, a motion to dismiss and a motion to transfer to the Bankruptcy Court were already pending. (Plaintiff's Reply Brief (Pl.'s Reply") at 2).

## DISCUSSION

A.  **Transfer of Venue Pursuant to § 1404(a)**

Section 1404(a) confers federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a).  The decision to transfer a case under § 1404(a) rests within the sound discretion of a district court. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973); Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000). The purpose of section 1404(a) "is to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses....'" Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 479 (D.N.J. 1993) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).

The moving party bears the burden of establishing (1) that the proposed transferee forum is one in which the case "might have been brought," and (2) that in the interest of justice, the proposed transferee forum is more convenient for the parties and witnesses. See CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc., 309 F. Supp. 2d 637, 643

(D.N.J. 2004) (citations omitted). The moving party, however, is not required to show "truly compelling circumstances for ...change...[of venue, but rather, that] all relevant things considered, the case would be better off transferred to another district." In re United States, 273 F.3d 380, 388 (3d Cir. 2001) (citations omitted).[10] The court balances private and public interest factors to determine whether the litigation would more conveniently proceed and the interests of justice would be better served by a transfer. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995) (identifying private and public interest factors).

**B.      Balance of Interests**

The transfer provision identifies certain criteria to be considered: convenience of parties, convenience of witnesses, and the interests of justice. 28 U.S.C. § 1404(a).  The Third Circuit articulated a more comprehensive list of public and private concerns implicated by § 1404(a).  Private concerns include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5)

---

[10]As a threshold matter, the reviewing court must first determine whether the action could have been brought in the transferee district. Shutte v. Armco Stell Co., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971).  The venue statute limits transfer to a district or division "where [the case] may have been brought." 28 U.S.C. § 1404(a).  An action may be transferred to another district only if that district would be proper venue for the action and that forum is capable of asserting subject matter jurisdiction over the claims and *in personam* jurisdiction over the defendants. See Yang v. Odom, 409 F. Supp. 2d 599, 604 (D.N.J. 2006). The case was initially filed in California state court and removed by Chrysler Group to the Northern District of California.  The parties do not dispute that the case could have been brought in the Northern District of California.

availability of witnesses in each of the fora; and (6) the location of books and records. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995).  Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. Id.  Thus, courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum."  Id.; see also Clark v. Burger King Corp., 255 F.Supp.2d 334, 337 (D.N.J. 2003).  The "analysis is flexible and must be made on the unique facts of each case."  Calkins v. Dollarland, Inc., 117 F. Supp.2d 421, 428 (D.N.J. 2000) (citations omitted).

    1.    **<u>Private Interest Factors</u>**

*(i) Choice of Forum*

A plaintiff's initial choice of venue is entitled to due consideration. Shutte v. Armco Stell Co., 431 F.2d 22, 24 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971) (citation omitted.)  This is particularly true when the plaintiff selects his home forum. Sandvik, Inc. v. Continental Ins. Co., 724 F.Supp. 303, 307 (D.N.J. 1987) (quoting Piper Aircraft Co. v. Reyno, 545 U.S. 235, 255 (1981)).  Courts also give less weight to a plaintiff's forum preference when it chooses a forum that has little connection to the facts of a case.  See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998);

Honeywell, 817 F. Supp. at 481-482; American Tel. & Tel. Co. v. MCI Communications Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990) (citations omitted).

Plaintiff instituted suit in California. Plaintiff resided in California at the time he purchased the Dodge Journey. (Compl. ¶¶ 5,18; CM/ECF No. 88-1.) Plaintiff's initial decision to bring this action in California, then his home forum, is entitled to substantial deference. Also, California has a substantial connection to the facts of the case. For one, Plaintiff bought the Dodge Journey with the allegedly defective brake system from a California dealership. Second, the vehicle was owned and operated in California for almost two years until Plaintiff moved to Nevada–and hence the injury to Plaintiff occurred, at least in part, in California. Third, Plaintiff seeks to represent a class of California consumers, current and former owners and lessees, and pursue remedies under California law.[11]

Chrysler Group's contention that Plaintiff "chose" to come to this District does not change the fact that Plaintiff initial choice of forum was California. In fact, the parties differ substantially on how and why this case was transferred to this District, Plaintiff contending that it agreed to the transfer only after Defendant advised of its intention to transfer, and only following a meet and confer with counsel during which it was

---

[11]Defendant argues that Plaintiff has proffered no evidence establishing a connection between this case and California. (Def.'s Br. at 5.) Plaintiff pleads in both the Complaint and Amended Complaint that he was "at all relevant times a resident of California." Moreover, a report attached to the Declaration of Alan Harris, Esq. indicates that the vehicle in question was registered in California in 2008. (Compl. ¶¶ 5,18; CM/ECF No. 88-1. FAC ¶¶ 5,18. )

concluded that consolidating the cases for purposes of discovery would conserve resources.[12] In sum, New Jersey has no connection to the parties or the claims in this case whatsoever. Plaintiff's choice of forum weighs heavily in favor of transfer back to California.

*(ii) Where the Claim Arose*

This is a breach of warranty case. "As a general rule, the preferred forum is that which is the center of gravity of the accused activity." NCR Credit Corp. v. Ye Seekers Horizon, Inc. 17 F. Supp. 2d 317, 321 (D.N.J. 1998); see Van Cauwenberghe v. Biard, 486 U.S. 517 (1988)( a court determines the origin of a claim by looking to the "locus of the alleged culpable conduct"). Most of the conduct giving rise to the breach of warranty claim occurred in California. Here, as alleged in the First Amended Complaint, and as supported by a Carfax ownership history report[13] and Chrysler's records,[14] Plaintiff's Dodge Journey which contained the alleged defective brake system was purchased by

---

[12]Defendant points to the case of CollegeSource, Inc. v. Academyone, Inc., 597 Fed. Appx. 116 (3d Cir. 2015) in support of its contention that the case should remain in New Jersey. However, CollegeSource is distinguishable. Unlike this case where Plaintiff seeks to transfer the case back to the original venue, the district court in CollegeSource declined to transfer a second-filed action back to the venue for consolidation with the original filed action which had been dismissed and then reinstated on appeal. Unlike in CollegeSource where discovery had already closed, the parties here have not engaged in discovery. Furthermore, during much of the time the case was in this District, progress of the litigation was delayed by pending motions, including transfer to the Bankruptcy Court.

[13]Declaration of Alan Harris, Esq. (CM/ECF No. 88-1.)

[14]Def's Br. in Support at 3, n.3.

Plaintiff in California. (Compl. ¶¶ 5,18; FAC ¶¶ 5,18. ) The alleged breach of warranty–the sale of a car with a defective braking system–took place in California, not New Jersey. In fact, the case has no factual ties to New Jersey at all. Furthermore, the class of proposed plaintiffs are consumers who purchased or leased the vehicles at issue in California. Thus, Plaintiff's claim arose in California and this factor weighs in favor or transfer.

### (iii) *Convenience of the Parties*

The convenience of the parties is not a compelling factor in this analysis. Courts look to the relative physical and financial condition of parties in evaluating convenience. Santi v. Nat'l Business Records Management, LLC, 722 F. Supp. 2d 602, 608 (D.N.J. 2010). Plaintiff currently resides in Nevada. Chrysler Group maintains that its key witness is located in Michigan. Neither venue under consideration will be convenient to both parties involved. Of course, Nevada borders California and is more than 2,000 miles from New Jersey. Thus, this factor is neutral in the transfer analysis.

### (iv) *Availability of Witnesses and Access to Sources of Proof*

Plaintiff has not proffered any persuasive argument that the availability of witnesses and access of proof weighs in favor of transfer to California. See Teleconference Sys. v. Proctor & Gamble Pharm., Inc., 676 F. Supp.2d 321, 331 (D. Del.

2009) (convenience of witnesses and access to sources of proof are important considerations in the 1404(a) analysis). This a neutral factor in the transfer analysis.

## 2. Public Factors

New Jersey has no interest in the disposition of this case. The operative facts make clear that California has a palpable and overwhelming interest in this litigation. The Dodge Journey was purchased by Garcia, a California resident, for use and enjoyment within the state. Plaintiff seeks relief under California law. The putative class members are California consumers who purchased or leased the vehicles at issue here. New Jersey has no connection to the operative facts of this case. None of the acts giving rise to the dispute occurred here. It is clear that California has a substantially greater interest in the adjudication of this matter than New Jersey. See Honeywell, 817 F.Supp. at 486. Furthermore, jury duty should not be imposed on citizens of New Jersey absent an identified public interest in this forum. See Ferens v. John Deere Co., 494 U.S. 516, 529-30 (1990)("Jury duty is a burden that ought not to be imposed upon the people of the community with no connection to the litigation.").[15]

---

[15] Chrysler Group argues that Plaintiff's motion to transfer amounts to prohibited forum shopping. The Court disagrees. During the majority of the time this case was pending in this District, it was the subject of multiple motions and was transferred to the Bankruptcy Court. In fact, the case only was transferred back to this District on February 8, 2016. (CM/ECF No. 109.) According to Plaintiff, there has been no discovery in this case and the Court has never ruled on any motions to dismiss. The Court recognizes that this case was transferred for purposes of discovery efficiency. Inasmuch as Tatum and Belle have since been dismissed, and the case is essentially in its infancy as far as discovery, and the case has no other connection to New Jersey, the Court sees fit to transfer the matter back to the original forum. The parties also disagree as to

In sum, the private and public factors would be better served by transfer. Plaintiff first instituted this case in California. Plaintiff purchased the Dodge Journey in California. The putative class members are California consumers who purchased or leased vehicles which form the basis of this litigation. Plaintiff seeks relief under California law. New Jersey has no connection whatsoever to the claimants or the relief they seek. Based on consideration of the totality of the circumstances, the Court concludes that the Northen District of California is the most appropriate and convenient forum.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to transfer venue to the United States District Court for the Northern District of California is **granted**. (Docket Entry No. 127.) A separate Order accompanies this Opinion.

    s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: September 27, 2016**

---

which motion should be decided first–this motion to transfer or Chrysler Group's currently pending motion to dismiss. It is in the Court's discretion which motion to decide first. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).